UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER HOSEY ) | |
| ) | Case Number |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | CIVIL COMPLAINT |
| COLLECTCORP COROPORATION ) | |
| ) | |
| Defendant. ) | JURY TRIAL DEMANDED |
| ) | |
| ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Jennifer Hosey, by and through her undersigned counsel, Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

                 **I.**        **INTRODUCTORY STATEMENT**

1. Plaintiff, Jennifer Hosey (hereinafter "Plaintiff"), an individual consumer, brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692 *et sec.*

## II.     JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and maintains a registered office in this District.

## III.    PARTIES

4. Plaintiff, Jennifer Hosey ("Plaintiff") is an adult natural person residing at 1508 Kernstown Lane, College Station, TX 77845.

5. Defendant, Collectcorp Corporation ("Defendant"), at all times relevant hereto, is and was a Delaware Corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Texas with its principal place of business located at 455 North 3rd Street, Suite 260, Phoenix, AZ 85004 and a registered office at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.    FACTUAL ALLEGATIONS

7. On or about July 21, 2009, Plaintiff's attorney, Persels & Associates, LLC

sent a letter to Bank of America stating that Plaintiff had retained their firm for the purpose of negotiating settlement of an alleged consumer debt, namely a Bank of America credit card account.  See a copy of the letter appended hereto and marked "**EXHIBIT A**".

8.  "**EXHIBIT A**" directed Bank of America to cease all further contact with Plaintiff and to update records to reflect Plaintiff's attorney as the sole contact with regard to the alleged debt.

9.  Subsequently, Bank of America sent the alleged debt to Defendant to attempt collection of same.

10.  On or about September 2, 2009, Defendant's agent, Irene Martinez contacted Plaintiff via telephone with regard to collection of the alleged debt.

11.  At no time did Defendant's agent state the mini-Miranda to Plaintiff.

12.   Plaintiff informed Defendant's agent, Ms. Martinez that she had retained the aforementioned law firm and attempted to provide Ms. Martinez with her attorney's telephone number.

13.  Defendant's agent, Ms. Martinez indicated that she had already been in contact with Plaintiff's attorney but refused to work with them.

14.  Defendant's agent, Ms. Martinez continued to solicit payment of the alleged debt from Plaintiff "before more damage was done".

15.  Defendant's agent, Ms. Martinez stated that Plaintiff was "naïve" and called Plaintiff's attorney a "rip off".

16.  Defendant's agent, Ms. Martinez told Plaintiff that she was "irresponsible" and "foolish" and began to yell loudly so that Plaintiff's husband was able to hear Ms.

Martinez from the next room in Plaintiff's house.

17. Defendant's agent, Ms. Martinez indicated that Plaintiff would be sued.

18. Defendant's agent, Ms. Martinez indicated that she would contact Plaintiff's employer the next morning to inform them of how irresponsible Plaintiff was.

19. Plaintiff's husband took over the phone call and asked Defendant's agent, Ms. Martinez not to call again.

20. Defendant's agent, Ms. Martinez yelled at Plaintiff's husband, "Congratulations, you are now responsible for your wife's debt!"

21. On or about September 3, 2009, Defendant sent Plaintiff a collection notice demanding payment before it was turned over for legal review. See a copy of the notice appended hereto and marked "**EXHIBIT B**".

22. "**EXHIBIT B**" was sent directly to Plaintiff's home address but not to Plaintiff's attorney. This communication was prohibited.

23. On or about September 8, 2009, Plaintiff received a yet another call from Defendant's agent, Mr. Kiser.

24. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

25. The Defendants acted in a false, deceptive, misleading and unfair manner when they, without permission from the Plaintiff's attorney, communicated with Plaintiff and made such communications on multiple occasions.

26. The Defendant acted in a false, deceptive, misleading and unfair manner by

threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

27. The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

28. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

29. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

30. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

### COUNT ONE – FDCPA.

31. The above paragraphs are hereby incorporated herein by reference.

32. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

  33. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692:

  a. b(6) contacting the Plaintiff after knowing that she was represented by an attorney;

  b. c(a)2 communicating with the Plaintiff after knowing that she was represented by an attorney and after acknowledging written and verbal communication from Plaintiff's attorney;

  c. d conducting itself in a manner so as to harass, oppress or abuse the Plaintiff;

  d. d(2) using profane or abusive language in connection with collection of the alleged debt;

  e. e using false, deceptive or misleading representation in connection with the collection of the alleged debt;

  f. e(7) falsely representing that the Plaintiff had committed any conduct to disgrace herself;

  g. e(10) using any false or deceptive means to collect the alleged debt;

  h. e(11) failing to communicate the mini-Miranda warning;

  i. f using unfair or unconscionable means to attempt to collect the alleged debt and;

  j. h applying payments on a disputed debt and/ or failing to apply such payments in accordance with the Plaintiff's direction.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Defendant, Collectcorp Corporation and Order the following relief:

a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. §1692k;

d. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

e. Such addition and further relief as may be appropriate or that the interests of justice require.

### V.   JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date:  September 21, 2009

BY: /s/ Brent F. Vullings
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff